Civil Action Cover Sheet - Case Initiation        (12/01/20) CCL 0520

FILED
3/2/2021 2:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

KAREN JONES

v.

YADAV ENTERPRISES, INC., et al

No. 2021L066019

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ☐ No

(FILE STAMP)

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☑ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Steven C. Armbruster
(Attorney) (Pro Se)

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**

Primary Email: sarmbruster@vrdolyak.com

Secondary Email: bbenefield@vrdolyak.com

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: _____

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

EXHIBIT A

15097PI:SCA

FILED
3/2/2021 2:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION, SIXTH DISTRICT**

| | | |
|---|---|---|
| KAREN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2021L066019 |
| | ) | |
| v. | ) | Amount: In Excess of ONE HUNDRED |
| | ) | THOUSAND ($100,000.00) DOLLARS |
| YADAV ENTERPRISES, INC., a foreign | ) | Plus Cost of Suit |
| corporation, TGI FRIDAYS, INC., a | ) | |
| foreign corporation, and R.J.R. REALTY | ) | Return Date: |
| GROUP, LTD., a foreign corporation, | ) | |
| | | |
| Defendants. | | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, KAREN JONES, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants YADAV ENTERPRISES, INC., a foreign corporation doing business in the State of Illinois, TGI FRIDAYS, INC., a foreign corporation doing business in the State of Illinois, and R.J.R. REALTY GROUP, LTD., a foreign corporation doing business in the State of Illinois, states as follows:

**COUNT I – KAREN JONES v. YADAV ENTERPRISES, INC.**

1.  That on or about November 26, 2019, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. was a foreign corporation doing business in the State of Illinois.

2.  That on or about November 26, 2019, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. did own, operate, manage, and control a certain piece of property located at 7200 West 191st Street in the Village of Tinley Park, Illinois (hereinafter "premises").

1

**EXHIBIT A**

3. That on November 26, 2019, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. made said premises available to the general public and said premises were, in fact, used by the general public.

4. That on November 26, 2019, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. invited and allowed Plaintiff KAREN JONES to enter upon said premises and Plaintiff KAREN JONES was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff KAREN JONES was an intended and permitted user of said premises owned by Defendant YADAV ENTERPRISES, INC.

6. That at all relevant times herein, Plaintiff KAREN JONES was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time.

7. At the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she grasped the door handle and attempted to pull it open. Due to the unreasonable degree of force required to keep the door open, she involuntarily released the door handle. Due to the unreasonably rapid closing speed of the door, the door closed upon her foot and leg, causing her to fall on her right side.

8. Plaintiff suffered injuries due to a defective condition upon the premises thereon consequential to the negligence of Defendant YADAV ENTERPRISES, INC., to wit: an exterior door that that required an unreasonable amount of force to pull and keep open, with an improperly functioning closing mechanism that caused the door to close to rapidly, in violation of Sections 404.2.8 and 404.2.9 of the Americans with Disabilities Act Standards for Accessible Design and the Illinois Accessibility Code.

**EXHIBIT A**

9. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of Defendant YADAV ENTERPRISES, INC., as hereinafter set forth.

10. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff, who was then and there in exercise of due care and caution.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in high probability that others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, and at all relevant times herein, Defendant YADAV ENTERPRISES, INC. owed a duty to Plaintiff KAREN JONES, and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff KAREN JONES, and to exercise reasonable care in the remedy, repair, and maintenance of said premises to guard against foreseeable injuries to third parties and to maintain its property in reasonably safe condition.

14. That at the aforesaid time and place, Defendant YADAV ENTERPRISES, negligently breached its duty to Plaintiff KAREN JONES, by acting with disregard for her safety, through one or more of the following acts and/or omissions:

   (a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

   (b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

3

**EXHIBIT A**

 (c) failed to adequately maintain said premises;

 (d) maintained said premises in an open, defective condition for an unreasonable length of time;

 (e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence;

 (f) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises; and

 (g) failed to provide accessible means of entrance for persons with disabilities, such as Plaintiff.

15. That as proximate result of one or more of the aforesaid acts and/or omissions of Defendant YADAV ENTERPRISES, INC., Plaintiff KAREN JONES suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff KAREN JONES demands judgment against Defendant YADAV ENTERPRISES, INC., a foreign corporation doing business in the State of Illinois, for a sum exceeding ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs of suit.

## COUNT II – KAREN JONES v. TGI FRIDAYS, INC.

1. That on or about November 26, 2019, and at all relevant times herein, Defendant TGI FRIDAYS, INC. was a foreign corporation doing business in the State of Illinois.

2. That on or about November 26, 2019, and at all relevant times herein, Defendant TGI FRIDAYS, INC. did own, operate, manage, and control a certain piece of property located at 7200 West 191st Street in the Village of Tinley Park, Illinois (hereinafter "premises").

3. That on November 26, 2019, and at all relevant times herein, Defendant TGI FRIDAYS, INC. made said premises available to the general public and said premises were, in fact, used by the general public.

**EXHIBIT A**

4. That on November 26, 2019, and at all relevant times herein, Defendant TGI FRIDAYS, INC. invited and allowed Plaintiff KAREN JONES to enter upon said premises and Plaintiff KAREN JONES was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff KAREN JONES was an intended and permitted user of said premises owned by Defendant TGI FRIDAYS, INC.

6. That at all relevant times herein, Plaintiff KAREN JONES was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time.

7. At the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she grasped the door handle and attempted to pull it open. Due to the unreasonable degree of force required to keep the door open, she involuntarily released the door handle. Due to the unreasonably rapid closing speed of the door, the door closed upon her foot and leg, causing her to fall on her right side.

8. The Plaintiff suffered injuries due to a defective condition upon the premises thereon consequential to the negligence of Defendant TGI FRIDAYS, INC., to wit: an exterior door that that required an unreasonable amount of force to pull and keep open, with an improperly functioning closing mechanism that caused the door to close to rapidly, in violation of Sections 404.2.8 and 404.2.9 of the Americans with Disabilities Act Standards for Accessible Design and the Illinois Accessibility Code.

9. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of Defendant TGI FRIDAYS, INC., as hereinafter set forth.

10. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff, who was then and there in exercise of due care and caution.

**EXHIBIT A**

11. That at the aforesaid time and place, and at all relevant times herein, Defendant TGI FRIDAYS, INC. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant TGI FRIDAYS, INC. had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in high probability that others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, and at all relevant times herein, Defendant TGI FRIDAYS, INC. owed a duty to Plaintiff KAREN JONES, and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff KAREN JONES, and to exercise reasonable care in the remedy, repair, and maintenance of said premises to guard against foreseeable injuries to third parties and to maintain its property in reasonably safe condition.

14. That at the aforesaid time and place, Defendant TGI FRIDAYS, negligently breached its duty to Plaintiff KAREN JONES, by acting with disregard for her safety, through one or more of the following acts and/or omissions:

    (a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

    (b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

    (c) failed to adequately maintain said premises;

    (d) maintained said premises in an open, defective condition for an unreasonable length of time;

    (e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence;

    (f) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises; and

**EXHIBIT A**

    (g) failed to provide accessible means of entrance for persons with disabilities, such as Plaintiff.

15. That as proximate result of one or more of the aforesaid acts and/or omissions of Defendant TGI FRIDAYS, INC., Plaintiff KAREN JONES suffered injuries and damages of a personal, pecuniary, and permanent nature.

WHEREFORE, Plaintiff KAREN JONES demands judgment against Defendant TGI FRIDAYS, INC., a foreign corporation doing business in the State of Illinois, for a sum exceeding ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs of suit.

## COUNT III – KAREN JONES v. R.J.R. REALTY GROUP, LTD.

1. That on or about November 26, 2019, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. was a foreign corporation doing business in the State of Illinois.

2. That on or about November 26, 2019, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. did own, operate, manage, and control a certain piece of property located at 7200 West 191st Street in the Village of Tinley Park, Illinois (hereinafter "premises").

3. That on November 26, 2019, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. made said premises available to the general public and said premises were, in fact, used by the general public.

4. That on November 26, 2019, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. invited and allowed Plaintiff KAREN JONES to enter upon said premises and Plaintiff KAREN JONES was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff KAREN JONES was an intended and permitted user of said premises owned by Defendant R.J.R. REALTY GROUP, LTD.

6. That at all relevant times herein, Plaintiff KAREN JONES was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate

7

**EXHIBIT A**

with her age, intellect, and mental capacity and with the physical circumstances existent at such time.

7. At the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she grasped the door handle and attempted to pull it open. Due to the unreasonable degree of force required to pull and keep the door open, she involuntarily released the door handle. Due to the unreasonably rapid closing speed of the door, the door closed upon her foot and leg, causing her to fall on her right side.

8. The plaintiff suffered injuries due to a defective condition upon the premises thereon consequential to the negligence of Defendant R.J.R. REALTY GROUP, LTD., to wit: an exterior door that that required an unreasonable amount of force to pull and keep open, with an improperly functioning closing mechanism that caused the door to close to rapidly, in violation of Sections 404.2.8 and 404.2.9 of the Americans with Disabilities Act Standards for Accessible Design and the Illinois Accessibility Code.

9. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of Defendant R.J.R. REALTY GROUP, LTD., as hereinafter set forth.

10. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff, who was then and there in exercise of due care and caution.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant R.J.R. REALTY GROUP, LTD. had either actual or constructive notice that its failure to either remedy or remove the aforesaid unreasonably dangerous condition resulted in high probability that

8

**EXHIBIT A**

others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, and at all relevant times herein, Defendant V. owed a duty to Plaintiff KAREN JONES, and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff KAREN JONES, and to exercise reasonable care in the remedy, repair, and maintenance of said premises to guard against foreseeable injuries to third parties and to maintain its property in reasonably safe condition.

14. That at the aforesaid time and place, Defendant R.J.R. REALTY GROUP, LTD., negligently breached its duty to Plaintiff KAREN JONES, by acting with disregard for her safety, through one or more of the following acts and/or omissions:

    (a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

    (b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

    (c) failed to adequately maintain said premises;

    (d) maintained said premises in an open, defective condition for an unreasonable length of time;

    (e) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence;

    (f) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises; and

    (g) failed to provide accessible means of entrance for persons with disabilities, such as Plaintiff.

15. That as proximate result of one or more of the aforesaid acts and/or omissions of Defendant R.J.R. REALTY GROUP, LTD., Plaintiff KAREN JONES suffered injuries and damages of a personal, pecuniary, and permanent nature.

9

**EXHIBIT A**

WHEREFORE, Plaintiff KAREN JONES demands judgment against Defendant R.J.R. REALTY GROUP, LTD., a foreign corporation doing business in the State of Illinois, for a sum exceeding ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs of suit.

/s/ *[signature]*

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC. - #41535**
**By: Steven C. Armbruster**
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311

10

**EXHIBIT A**

15097PI:SCA

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION, SIXTH DISTRICT**

FILED
3/2/2021 2:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L066019

| | | |
|---|---|---|
| KAREN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Amount: In Excess of ONE HUNDRED |
| | ) | THOUSAND ($100,000.00) DOLLARS |
| YADAV ENTERPRISES, INC., a foreign | ) | Plus Cost of Suit |
| corporation, TGI FRIDAYS, INC., a | ) | |
| foreign corporation, and R.J.R. REALTY | ) | Return Date: |
| GROUP, LTD., a foreign corporation, | | |

Defendants.

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, Steven C. Armbruster, attorney for Plaintiff, KAREN JONES, state that the damages sought in this matter are greater than ONE HUNDRED THOUSAND ($100,000) DOLLARS.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
**Attorney #41535**
**By: Steven C. Armbruster**
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311

11

**EXHIBIT A**